# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GREGGY SORIO,

    Petitioner,

v.

BRUCE SCOTT, et al.,

    Respondents.

Case No. 2:25-cv-02492

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Greggy Sorio is a citizen of the Philippines who is facing imminent removal from the United States. He has filed a petition for writ of habeas corpus seeking release from confinement. Dkt. 1. He does not challenge the decision by an Immigration Judge ordering his removal to the Philippines, but he "seeks release from custody to permit him to attend his future doctor's appointment and receive adequate medical attention" because he "needs critical healthcare and cannot be removed from the United States in his current condition." Dkt. 1 ¶¶ 3–4.

Petitioner also moves for a temporary restraining order ("TRO") preventing his removal from the United States "until such time that his medical conditions have stabilized and he has been deemed safe to travel by independent medical review." Dkt. 2 at 2.

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

Petitioner entered the United States as a lawful permanent resident in 2007 but was apprehended by ICE in March 2025 following his release from criminal incarceration. *Id*. He remains detained at the Northwest ICE Processing Center ("NWIPC"). *Id*. Petitioner claims that he "vomited blood and passed blood in his stool for months before he was brought to the hospital by ICE" on October 22, 2025, where he was diagnosed with tachycardia, ulcerative colitis, and osteomyelitis. *Id*. at 3; Dkt. 1-1 at 10. Petitioner suffered two amputations on his right foot due to a bone infection, he lost thirty pounds in detention, and he developed anemia, a kidney injury, and a severe vitamin D3 deficiency. Dkt. 2 at 3; Dkt. 1-1 at 11, 15–16. The hospital discharged Petitioner on November 12, 2025, "with eleven medications and instructions to continue wound care on his amputations and return in six weeks." Dkt. 2 at 3; Dkt. 1-1 at 14, 24–26.

Petitioner asserts that his condition deteriorated further upon his return to NWIPC. On November 26, 2025, doctors increased his steroid dosage in response to his passing blood in stool and vomiting blood, and they instructed Petitioner to return in six weeks to receive an IV with medication to taper him off steroids. Dkt. 2 at 3. Petitioner claims that ICE medical staff later tried to remove the stitches from his right foot, leaving him with open wounds for which he was "denied medical tape and gauze" to protect while showering. Dkt. 2 at 4. "His tachycardia returned, he began passing blood again, and he is currently unable to walk." *Id*.

On November 26, 2025, Petitioner requested that ICE stay his removal due to exceptional medical need. Dkt. 1-1. ICE denied his request for a stay on December 6, 2025. Dkt. 1-2. ICE attempted to deport Petitioner the next day, but Philippine Airlines refused to allow Petitioner to board the flight due to his medical condition. Dkt. 1-11 ¶¶ 4–7. ICE informed Petitioner's counsel on December 8, 2025 that Petitioner would be "deported as soon as possible." *Id*. ¶ 8.

Petitioner requests a TRO staying deportation and allowing him to "seek adequate medical care and stabilize his health before executing his removal order." Dkt. 2 at 9. Petitioner

has not yet served the petition on Respondents, and the petition and motion for TRO were filed shortly after 5:00 p.m. on Monday, December 8, 2025. Respondents have not entered an appearance nor responded to Petitioner's Motion.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). The Court finds that petitioner has made a showing of imminent, irreparable harm that is likely to occur before Respondents can be heard in opposition to this motion, and he has presented at least some evidence of serious questions on the merits of his claims that his lack of adequate medical care amounts to a violation of the Fifth Amendment's Due Process clause. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Accordingly, the Court orders as follows:

1. Petitioner's motion for a TRO, Dkt. 2, is provisionally GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order of this Court.

3. Petitioner's counsel SHALL immediately serve a copy of the habeas petition, the TRO motion, and a copy of this Order on Respondents by emailing the documents to USAWAW.ImmigrationHabeasService@usdoj.gov and usawaw.habeas@usdoj.gov. Petitioner's counsel SHALL also immediately contact Respondents' counsel to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the

Government will agree to a stipulated order to not remove Petitioner from the United States and not to transfer Petitioner to another facility during the pendency of this action.

4. If the parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the parties may agree on for the pendency of this case. If the parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO pursuant to the schedule set by Local Civil Rule 65 once notice is accomplished.

5. The parties SHALL contact the courtroom deputy of the assigned judge if they wish to schedule oral argument on the motion for TRO.

6. This Order expires December 22, 2025 unless extended by this Court.

Dated this 8th day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 4