1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE
10

11    GREGGY SORIO,                          CASE NO. 2:25-cv-02492-TL-BAT

12                        Petitioner,          ORDER DIRECTING
                                              RESPONDENTS TO SHOW CAUSE
13          v.                                WHY WRIT OF HABEAS CORPUS
                                              SHOULD NOT BE GRANTED
14    LAURA HERMOSILLO, Seattle Field
      Office Director, Enforcement and Removal
15    Operations, United States Immigration and
      Customs Enforcement (ICE), et al.,
16
                        Respondent.
17

18          This matter is before the Court on Petitioner's Motion for Order to Show Cause. Dkt.

19    No. 3. The Court GRANTS the Motion and ORDERS Respondents to show cause why a writ of

20    habeas corpus should not be granted.

21          Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging

22    that Petitioner is in custody in violation of the Constitution or laws of the United States. The

23    Court has discretion to determine when a response to a § 2241 habeas petition is due. *See, e.g.*,

24    28 U.S.C. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas

corpus petition not covered by" 28 U.S.C. § 2254); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. The Court directs Respondents to show cause why the writ of habeas corpus should not be granted and ORDERS:

(1) The Motion for Order to Show Cause (Dkt. No. 3) is GRANTED.

(2) Respondents SHALL file a return to the habeas petition no later than **December 23, 2025**. The return shall be noted on the Court's motion docket for the due date of the Petitioner's traverse—**five (5) days** after the due date of Respondents' return. Any arguments that the petition should be dismissed shall be made in the return and not by separate motion. The return shall be filed using the "Response to Habeas Petition" ECF filing event.

(3) Any traverse by Petitioner SHALL be filed no later than **December 29, 2025**. The clerk shall note the matter for **December 29, 2025**. The traverse shall be filed using the "Reply to Response to Motion" ECF filing event.

(4) Respondents SHALL provide Petitioner and Petitioner's counsel in this habeas action at least **48 hours' notice** (or **72 hours' notice** if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer Petitioner from the Western District of Washington or to remove him from the United States.

(5) The Clerk is DIRECTED to effectuate immediate service, if service has not already been accomplished, of the habeas petition filed in this case upon Respondents by

1    emailing a copy of the habeas petition and this order to

2    USAWAW.ImmigrationHabeasService@usdoj.gov.[1]

3    (6)    Petitioner's counsel SHALL provide Petitioner's A-file number promptly to the

4    U.S. Attorney's Office via email to

5    USAWAW.ImmigrationHabeasAnumbers@usdoj.gov.

6    (7)    If either Party seeks an expedited or enlarged briefing schedule, counsel for that

7    Party SHALL contact opposing counsel promptly to meet and confer. The Parties

8    shall then file a joint expedited motion, noted for the same day it is filed, that

9    contains either an agreed briefing schedule or the Parties' competing proposals for

10    a briefing schedule.

11    (8)    The clerk is DIRECTED to terminate the referral in this case to the Honorable Brian

12    A. Tsuchida, United States Magistrate Judge.

13    Dated this 9th day of December, 2025.

14

15    Tana Lin
    United States District Judge

16

17

18

19

20

21

22

---

23    [1] When the Warden of the detention facility is a named respondent, as is the case here, service of the petition by the Clerk on the U.S. Attorney's office may not be sufficient to complete service

24    on the Warden.

ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED - 3